NATIONAL IRANIAN OIL
COMPANY, Appellant,

v.

MAPCO INTERNATIONAL, INC.

No. 91–3879.

United States Court of Appeals,
Third Circuit.

Argued Oct. 22, 1992.

Decided Dec. 28, 1992.

Stephen M. Truitt (argued) and Susan L. Launer, Pepper, Hamilton & Scheetz, Washington, DC, for appellant.

Louis C. Lustenberger (argued) and George R. Hinckley, Jr., Donovan Leisure Newton & Irvine, New York City, for appellee.

Before: COWEN, NYGAARD and SEITZ, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

Appellant National Iranian Oil Company ("NIOC") petitioned the district court to compel arbitration of a contract dispute under section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (1988). The district court borrowed the Delaware statute of limitations for contract claims and dismissed NIOC's petition as untimely. NIOC contends that section 4 permits only the arbitrator, and not the district court, to adjudicate the timeliness of a petition to compel arbitration. NIOC also moves to dismiss this appeal and vacate the district court's opinion on the grounds of mootness. We conclude that this appeal is not moot and that the district court properly dismissed NIOC's petition for exceeding the applicable statute of limitations. We therefore will affirm.

## I.

On April 23, 1979, plaintiff NIOC, an Iranian corporation, and defendant Mapco International, Inc. ("Mapco"), a Delaware corporation, entered into Crude Oil Sale/Purchase Contract No. 129, which contains the following arbitration clause:

Any dispute between the parties arising out of this contract shall be settled by arbitration.

The party who wants to submit such a dispute to arbitration, shall advise the other party in writing, stating therein its claim and nominating its arbitrator. The other party shall nominate a second arbitrator within 30 days after receiving said advice.

The two arbitrators thus appointed shall appoint a third arbitrator who shall be the president of the board of arbitration. Should the other Party fail to ap-

point and nominate the second arbitrator or should the two arbitrators fail to agree on the appointment of the third arbitrator within 30 days, the interested party may request the President of the Appeal Court of Tehran, Iran to appoint the second arbitrator or the third arbitrator as the case may be.

. . . .

The award shall be governed by and interpreted according to the laws of Iran.

The seat of arbitration shall be in Tehran, unless otherwise agreed by the parties.

App. at 15–16. The contract also provided that it shall be governed and construed according to Iranian law.

In October and November of 1979, NIOC sold and delivered crude oil to Mapco in Iran pursuant to the contract's terms. Mapco has not paid the contract price of $8,598,987.10.

On June 25, 1984, NIOC notified Mapco of its demand for arbitration and its appointment of an arbitrator. At Mapco's request, NIOC granted an extension until September 30, 1984 to appoint an arbitrator, but Mapco never did so. On October 4, 1984, Mapco telexed NIOC, stating that it no longer considered itself bound by the arbitration agreement because of changed conditions in Iran. The parties continued to communicate until early 1987 without resolution.

On November 21, 1990, NIOC filed its petition to compel arbitration under 9 U.S.C. § 4 in the United States District Court for the District of Delaware (Civ. No. 90–682). The petition requests that the court order arbitration in the District of Delaware. Mapco moved for judgment on the pleadings and for summary judgment on three grounds. First, Mapco argued that the petition is barred by the statute of limitations. Second, Mapco argued that NIOC is collaterally estopped from seeking to compel arbitration because of the judgment in *National Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326 (5th Cir.), *cert. denied*, 484 U.S. 943, 108 S.Ct. 329, 98 L.Ed.2d 356 (1987). In *Ashland Oil, Inc.*,

the court held that NIOC could not compel arbitration in the United States of a dispute involving an oil supply contract with an identical arbitration clause. *See id.* at 328, 334–35. Third, Mapco argued that the court lacks the power to compel arbitration in Delaware. According to Mapco, the Arbitration Act only allows the district court to compel arbitration within its own district and in accordance with the arbitration agreement's terms. The forum-selection clause in the agreement specifies Iran, and the district court arguably could not order arbitration in Delaware because then the order would conflict with the agreement's terms.[1] The district court applied Delaware's three-year statute of limitations for contract claims, Del.Code Ann. tit. 10, § 8106 (1975), and dismissed the petition as time-barred. *National Iranian Oil Co. v. Mapco Int'l, Inc.*, 1991 WL 255369, at *3–*4 (D.Del. Nov. 12, 1991). The court did not consider the other grounds for dismissal. NIOC filed this appeal.

NIOC also has two related lawsuits presently pending. On May 7, 1991, NIOC filed a complaint against Mapco in the United States District Court for the District of Delaware (Civ. No. 91–269), alleging breach of the same oil supply contract which is the subject of NIOC's petition to compel arbitration. On May 22, 1991, NIOC filed a complaint against Mapco in the United States District Court for the Western District of Oklahoma (Civ. No. 91–731–R), alleging breach of the same contract.

On March 9, 1992, Mapco filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States District Court for the Northern District of Oklahoma. The schedules filed by Mapco in the bankruptcy court list as assets a claim in arbitration valued at $383,036 and $994 in cash. Total liabilities are listed as $28,375,-565.

The bankruptcy court lifted the automatic stay with regard to this appeal. NIOC has moved to dismiss its appeal and vacate the district court's judgment on the

---

**1.** Because of political factors, the district court could not order arbitration in Iran.

grounds of mootness because Mapco allegedly lacks the assets to satisfy a judgment.

The district court had jurisdiction under 28 U.S.C. § 1332(a)(4) (1988), and we have jurisdiction under 28 U.S.C. § 1291 (1988). This appeal raises pure questions of law subject to plenary review. *Ballay v. Legg Mason Wood Walker, Inc.*, 925 F.2d 682, 684 (3d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 79, 116 L.Ed.2d 52 (1991). The order of dismissal did not specify whether it was granting Mapco's Fed.R.Civ.P. 12(c) motion for judgment on the pleadings, or its Fed.R.Civ.P. 56(c) motion for summary judgment. In either case, we view the facts and the inferences to be drawn therefrom in the light most favorable to NIOC, the nonmoving party. *Clement v. Consolidated Rail Corp.*, 963 F.2d 599, 600 (3d Cir.1992) (summary judgment); *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir.1988) (judgment on the pleadings).

## II.

■ NIOC claims that its appeal is moot because Mapco lacks assets with which to satisfy a judgment. If this appeal is moot, the district court's judgment must be vacated and will have no res judicata or collateral estoppel effect. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *Clarendon Ltd. v. Nu–West Indus., Inc.*, 936 F.2d 127, 130 (3d Cir.1991) (where mootness of appeal is not attributable to any party's actions, district court's order must be vacated).

■ Under Article III of the Constitution, federal courts cannot decide moot cases because the exercise of judicial power depends upon the existence of a case or controversy. *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705–06, 40 L.Ed.2d 164 (1974). We have described the constitutional requirement as having three elements: (1) a legal controversy that is real and not hypothetical, (2) that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) with sufficiently adverse parties so as to sharpen the issues

for judicial resolution. *International Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir.1987) (quoting *Dow Chem. Co. v. United States EPA*, 605 F.2d 673, 678 (3d Cir.1979)). A case is not moot if there is a "real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Id.* (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)).

■ A case is saved from mootness if a viable claim for damages exists. *Durkin v. National Bank of Oliphant*, 772 F.2d 55, 59 (3d Cir.1985); *Jersey Central Power & Light Co. v. State of New Jersey*, 772 F.2d 35, 41 (3d Cir.1985). "Damages should be denied on the merits, not on grounds of mootness." 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3533.3, at 262 (1984). Even where the amount of damages at issue is minute, a case is not moot so long as the parties have a concrete interest, however small, in the outcome of a litigation. *Ellis v. Brotherhood of Ry., Airline and S.S. Clerks*, 466 U.S. 435, 442, 104 S.Ct. 1883, 1889, 80 L.Ed.2d 428 (1984). A case, however, is moot if there will never be any possibility of satisfying a favorable judgment, thus permanently precluding all forms of relief. *Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205, 208 (5th Cir.1989).

In this case, the defendant Mapco has about $394,000 in assets and $28,000,000 in liabilities. Plaintiff NIOC is suing for approximately $8,600,000 in damages plus interest accrued over thirteen years. It is unlikely that NIOC will ever be able to recover more than a small fraction of the relief requested. Nonetheless, we cannot say with confidence that the plaintiff will never be able to collect any money damages from the defendant. A viable damages claim exists and therefore this case is not moot.

■ NIOC's reliance on *Adams v. Resolution Trust Corp.*, 927 F.2d 348 (8th Cir. 1991), is misplaced. In *Adams*, plaintiff sued a failed savings and loan association

for fraudulently inducing him to enter into a securities purchase agreement. The district court dismissed the damages claim as moot, after the Federal Home Loan Bank Board formally determined that the defendant was insolvent and the claims of subordinate debt holders were worthless. *Id.* at 354. The court of appeals affirmed because the defendant "will *never* have any assets with which to satisfy a common law fraud judgment." *Id.* (emphasis in original). The court specifically noted that there was not a mere possibility, but rather an "absolute certainty," that the defendant lacked the means to pay any damages. *Id.* at 354 n. 16. *Adams* recognizes a narrow exception to the rule that damages claims avoid mootness. A claim for money damages is moot only if it will never be possible for the defendant to provide any relief. *See id.* The present case, however, is not moot because Mapco possibly will have assets to pay a small portion of the damages requested.

 We also note that if a trial court's order will have possible collateral legal consequences, a case is not moot. *See Sibron v. New York*, 392 U.S. 40, 55–58, 88 S.Ct. 1889, 1898–900, 20 L.Ed.2d 917 (1968); *In the Matter of the Establish Inspection of the Metal Bank of America, Inc.*, 700 F.2d 910, 913–14 (3d Cir.1983). The district court held that the three-year Delaware statute of limitations for contract claims, rather than the ten-year Iranian statute of limitations, determines the timeliness of the petition to compel arbitration.[2] Because NIOC filed its petition six years after Mapco's refusal to arbitrate, the district court held that the petition was time-barred. NIOC subsequently filed two other lawsuits in the District of Delaware and the Western District of Oklahoma for breach of the same contract for which it sought arbitration. The district court's

holding that the Iranian statute of limitations does not apply would have a collateral estoppel effect in those actions and could result in their dismissal.[3]

 Finally, the mootness doctrine incorporates not only the threshold constitutional requirement of a live case or controversy, but also prudential concerns such as judicial economy. *See Kelly*, 815 F.2d at 915, 917. A case is not moot if there is a reasonable likelihood that the parties will relitigate the same issues in the future. *American Bible Society v. Blount*, 446 F.2d 588, 595 (3d Cir.1971); *see Kelly*, 815 F.2d at 917. Because NIOC has filed two other lawsuits against Mapco for breach of the same contract, the parties are reasonably likely to relitigate the issue of which jurisdiction's statute of limitations applies. The resulting expenditure of judicial resources counsels against our finding this case to be moot.

In conclusion, this case is not moot because Mapco possibly will have some assets to satisfy a judgment, the district court's order may have collateral legal consequences, and the parties are reasonably likely to relitigate the same issues. We have jurisdiction over NIOC's appeal.

### III.

We now consider whether the district court, rather than an arbitrator, must adjudicate a statute of limitations defense to a petition to compel arbitration, and if so, what limitations period would apply. Title 9 U.S.C. § 4 provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration pro-

---

**2.** NIOC asserts that when the contract was made in 1979, Iran had a 10–year statute of limitations for contract claims, while at the present time it has no statute of limitations. *See* Appellant's Brief at 14–15 & n. 15; App. 34–47 (Declaration of Mahmoud Katirai, expert on Iranian law). For purposes of this appeal, we will assume *arguendo* that a 10–year statute of limitations would apply under Iranian law.

**3.** We offer no opinion as to when NIOC's breach of contract claims began to accrue. We observe only that if some statute of limitations other than Iran's should apply, NIOC's claims possibly will be time-barred.

ceed.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed in arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

The district court must order arbitration if it determines that the making and performance of the arbitration agreement are not in issue. *Id.* NIOC argues that because the statute does not expressly authorize the adjudication of any other issues, it was an error for the court to consider the timeliness of the petition. NIOC reads the Arbitration Act too narrowly.

 The Arbitration Act authorizes a district court to adjudicate the substantive issues of the making and performance of an arbitration agreement. *See* 9 U.S.C. § 4. By implication, the statute authorizes the district court to adjudicate any procedural issues, such as timeliness under a statute of limitations, which pertain to the substantive issues within its jurisdiction. If a district court has the power to hear a claim, it does not also need an explicit statutory basis to determine the timeliness of that claim. *Cf. Gavlik Constr. Corp. v. H.F. Campbell Co.*, 526 F.2d 777, 784 (3d Cir.1975) (power to stay proceedings pending arbitration is not dependent on statutory authority, but is inherent in the district court); *Nederlandse Ests–Tankersmaatschappij v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2d Cir.1964) (same). Because the petition only can be filed in a district court, the court itself must determine whether it was

timely. An arbitrator lacks the power to decide whether a district court properly exercised its jurisdiction. We hold that the district court determines the timeliness of the petition to compel arbitration, while the arbitrator determines the timeliness of the demand for arbitration and of the underlying claims. *Avant Petroleum, Inc. v. Pecten Arabian Ltd.*, 696 F.Supp. 42, 45 & n. 1 (S.D.N.Y.1988); *cf. Gavlik Constr. Corp.*, 526 F.2d at 783–84 (district court properly determined whether right to arbitrate was waived).[4]

In their briefs and oral arguments, both parties argued that three Second Circuit cases construing section 4 support their respective positions. *See Reconstruction Finance Corp. v. Harrisons & Crosfield*, 204 F.2d 366 (2d Cir.), *cert. denied*, 346 U.S. 854, 74 S.Ct. 69, 98 L.Ed. 368 (1953); *Trafalgar Shipping Co. v. International Milling Co.*, 401 F.2d 568 (2d Cir.1968); *Conticommodity Services v. Philipp & Lion*, 613 F.2d 1222 (2d Cir.1980). In *Reconstruction Finance*, 204 F.2d at 369 & n. 9, the court assumed *arguendo* that the New York statute of limitations for contract claims applied to petitions under the Arbitration Act. It concluded that the action was not time-barred because the limitations period had not yet run when the petition was filed, and thus the effect of the limitations statute would be determined by the arbitrator. *Id.* The court did not have occasion to decide whether a district court could dismiss a petition as untimely for exceeding the applicable statute of limitations. Both *Trafalgar Shipping*, 401 F.2d at 569–70, 572, and *Conticommodity Services*, 613 F.2d at 1225–26, involved the timeliness of demands for arbitration, which was left to the arbitrator, but not the

---

4. If, however, the arbitration clause provides a substantive timeliness limitation on claims to be submitted to arbitration, in contrast to a statute of limitations, the timeliness of the demand for arbitration or of the underlying claims is a question for the district court because it concerns what claims the parties have contractually agreed to submit to arbitration. *See Paine-Webber, Inc. v. Hartmann*, 921 F.2d 507, 514 (3d Cir.1990) ("[T]he Supreme Court has clearly and repeatedly stated that 'a party cannot be re-

quired to submit to arbitration any dispute which he has not agreed so to submit.' The logical corollary of this policy is that a party cannot be required to arbitrate the threshold 'dispute,' as it were, of whether the underlying dispute is itself arbitrable. Hence, 'the question of arbitrability ... is undeniably an issue for judicial determination.'") (quoting *AT & T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986)).

**492**

timeliness of petitions to compel arbitration.[5]

In *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 512–14 (3d Cir.1990), we held that if an agreement provides that no dispute is eligible for arbitration after a specific time period, and if the plaintiff demands arbitration after expiration of that period, the district court must dismiss the petition to compel arbitration as time-barred because the time period is a substantive limitation on the arbitration agreement. The case involved a limitations period created by the parties, not one imposed by law. Neither *PaineWebber* nor the Second Circuit cases confronted the issue of whether a district court can determine if a petition to compel arbitration is time-barred by a statute of limitations. For the reasons stated *supra,* the district court must adjudicate the statute of limitations defense.

■ We now must determine if a limitations period can be imposed on section 4. The Arbitration Act does not mention any statute of limitations. The general rule is that when a federal statute does not specify a statute of limitations, a court must borrow the most closely analogous one from state law. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983); *Runyon v. McCrary*, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976). Given the Supreme Court's longstanding practice of borrowing state statutes of limitations, and the congressional awareness of that practice, we generally can assume that Congress intends by its silence that a court should borrow state law. *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 147, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (1987). This policy of borrowing analogous state statutes of limitations has been applied to many federal statutes which lack express statutes of limitations. *See, e.g., Reed v. United Transp. Union*, 488 U.S. 319, 327,

109 S.Ct. 621, 627, 102 L.Ed.2d 665 (1989) (section 101(a)(2) of Title I of Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2)); *Wilson v. Garcia*, 471 U.S. 261, 279–80, 105 S.Ct. 1938, 1948–49, 85 L.Ed.2d 254 (1985) (Civil Rights Act of 1871, 42 U.S.C. § 1983); *Runyon*, 427 U.S. at 181–82, 96 S.Ct. at 2599–600 (Civil Rights Act of 1870, 42 U.S.C. § 1981); *International Union, United Auto., Aerospace and Agric. Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966) (section 301 of Labor Management Relations Act, 29 U.S.C. § 185); *Johnson v. State Mutual Life Assurance Co.*, 942 F.2d 1260, 1262 (8th Cir.1991) (section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)); *Spiegler v. District of Columbia*, 866 F.2d 461, 464 (D.C.Cir.1989) (section 615(e)(2) of Title VI of Education of the Handicapped Act, 20 U.S.C. § 1415(e)(2)). A court "should decline to borrow a state statute of limitations only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.'" *Reed*, 488 U.S. at 324, 109 S.Ct. at 625 (quoting *DelCostello*, 462 U.S. at 161–62, 103 S.Ct. at 2289).

■ The Arbitration Act reflects a strong federal policy favoring arbitration, *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), but it does not follow that Congress, by declining to specify a limitations period, intended to grant a perpetual right to sue in federal court to enforce arbitration agreements. Absent some indication in the statutory language, we will not assume that a federal, civil cause of action is of infinite duration. *See Wilson*, 471 U.S. at 271, 105 S.Ct. at 1944. Statutes of limitations serve compelling policy interests in actions under

**5.** NIOC also relies on *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir.1991), in which the court stated that any limitations defense, whether derived from the agreement or state statute, must be addressed by the arbitrator. The district court, however, had determined only the timeliness of a demand for arbitration. *Id.* at 117. The case did not involve a petition to compel arbitration or the Arbitration Act, and therefore it does not alter our analysis.

9 U.S.C. § 4, just as they do in other kinds of actions.

■ Statutes of limitations protect defendants from having to confront controversies in which the search for truth may be thwarted by the loss of evidence, the fading of memories, or the disappearance of witnesses. *Gould v. United States Dep't of Health and Human Services*, 905 F.2d 738, 741 (4th Cir.1990) (in banc) (citing *United States v. Marion*, 404 U.S. 307, 322 n. 14, 92 S.Ct. 455, 464 n. 14, 30 L.Ed.2d 468 (1971)), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991). They also protect the courts by relieving them of "the burden of trying stale claims when a plaintiff has slept on his rights." *Burnett v. New York Central R.R.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). The Arbitration Act authorizes the district court to determine whether an arbitration agreement has been made and performed. *See* 9 U.S.C. § 4. Though not in dispute in the present case, adjudication of these two issues often will require extensive presentation of evidence and findings of fact. After the passage of many years, it may be difficult for a party to effectively defend himself against a claim of breach of an arbitration agreement, or for a district court to accurately adjudicate that claim. To ensure fairness to defendants, the right to be free of such stale claims eventually must prevail over the right to prosecute them. *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766–67, 38 L.Ed.2d 713 (1974). Parties should not feel free to wait unlimited numbers of years before petitioning a district court to compel arbitration. We will apply the general rule of borrowing an analogous statute of limitations from another source of law.

■ This case does not involve exceptional circumstances which would compel us to borrow a limitations period from federal law, instead of state law, to avoid interfering with or frustrating a national policy. *DelCostello*, 462 U.S. at 161–62, 103 S.Ct. at 2289. We hold that a district court must apply the most closely analogous statute of limitations available under state law to determine the timeliness of a petition to compel arbitration under 9 U.S.C. § 4.

■ We must now determine which state statute of limitations is most appropriate for an action to enforce an arbitration agreement. Arbitration is an action on a contract obligation, *AT & T Tech., Inc. v. Communications Workers*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986), so a court should borrow the statute of limitations for breach of contract. *See Reconstruction Finance*, 204 F.2d at 369.[6] NIOC argues that the district court should have applied Iran's ten-year statute of limitations for breach of contract, because the contract specifies that it shall be governed and interpreted according to Iranian law. Mapco counters that the court correctly applied Delaware's three-year statute of limitations, because Delaware is the forum state. If Mapco is correct, then NIOC's petition to compel arbitration was untimely.

■ The Arbitration Act does not confer federal-question jurisdiction. The district court must have an independent basis of jurisdiction. *See* 9 U.S.C. § 4; *Moses H. Cone Memorial Hosp.*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32. In this case, the district court exercised diversity jurisdiction under 28 U.S.C. § 1332(a)(4), and federal courts in diversity cases must apply the conflict of laws rules of the states in which they sit. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The district court in Delaware was therefore obligated to apply Delaware's choice of law rules.

6. Before the district court, NIOC argued *inter alia* that the statute of limitations for breach of a sale of goods (U.C.C.) contract should apply. Though the underlying claim is for a breach of a sale of goods contract, the district court should be concerned only with enforcing the agreement to arbitrate. The court therefore should apply the limitations period for breach of non-U.C.C. contracts.

The district court applied the Delaware statute of limitations because it concluded that statutes of limitations are procedural, and forum law governs procedural matters. Some authorities support the district court's position, *see White v. Govatos*, 40 Del. 349, 10 A.2d 524, 529–30 (Super.1939); *Levin v. Diamond State Poultry Co.*, 175 F.Supp. 851, 854 (D.Del.1959), but the traditional rule that statutes of limitations are governed by forum law has been modified by statute, *see* Del.Code Ann. tit. 10, § 8121 (1975); *Pack v. Beech Aircraft Corp.*, 50 Del. 413, 132 A.2d 54, 57 (1957). The Delaware borrowing statute provides:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such a cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

Del.Code Ann. tit. 10, § 8121. None of the events giving rise to this suit occurred in Delaware, and the parties argue only that either Delaware or Iranian law applies. Giving NIOC the benefit of the doubt, we will assume that its claim for breach of contract accrued in Iran. The borrowing statute requires the application of the three-year Delaware statute of limitations because it is shorter than the Iranian ten-year statute of limitations. The contract specifies that it is to be interpreted and governed according to Iranian law, but the choice of law clause probably would not cause a Delaware state court to apply the Iranian statute of limitations. *See Ontario Hydro v. Zallea Systems, Inc.*, 569 F.Supp. 1261, 1265 (D.Del.1983) (contract provision choosing a jurisdiction's law for interpreting the contract does not adopt that jurisdiction's statute of limitations); *see also Shaw v. Aetna Life Ins. Co.*, 395 A.2d 384, 386–87 (Del.Super.1978) (contractual limitations period longer than statute of limitations is void as against public policy); Del. Code Ann. tit. 6, § 2–725(1) (1975) (limitations period in sale of goods contract may not exceed statute of limitations). Though its reasoning was different from ours, the district court correctly applied Delaware's three-year statute of limitations.

NIOC made its demand for arbitration on June 25, 1984, and Mapco failed to appoint its arbitrator within thirty days as provided in the agreement. The district court therefore held that the cause of action accrued on July 25, 1984. NIOC and Mapco agreed to extend the time for Mapco to appoint an arbitrator until September 30, 1984. It is not necessary for us to determine whether the cause of action accrued on July 25 or September 30, 1984. NIOC did not file its petition to compel arbitration until November 21, 1990, more than six years after its demand for arbitration and more than three years after the statute of limitations would have expired.

Because we conclude that the district court correctly dismissed NIOC's petition for exceeding the applicable statute of limitations, we need not address the other potential grounds for dismissal raised by the parties.

## IV.

For all of the foregoing reasons, we hold that this appeal is not moot, and that the district court correctly applied the most analogous state law statute of limitations to determine that NIOC's petition to compel arbitration under 9 U.S.C. § 4 was time-barred. We will affirm the order of the district court dismissing the petition.