MANTALINE CORPORATION,
Appellant,

v.

PPG INDUSTRIES, INC.

No. 02–2934.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Nov. 21, 2002.

Decided Dec. 4, 2002.

Before BARRY and AMBRO, Circuit Judges and DOWD,* District Judge.

OPINION

AMBRO, Circuit Judge.

## I.  Background

Appellant Mantaline Corporation ("Mantaline") is a vendor of window gaskets.  In 1986, PPG Industries, Inc. ("PPG") submitted to Mantaline a purchase order ("1986 Purchase Order") for window gaskets on PPG's standard form.  Among the form's terms were provisions (1) requiring disputes to be arbitrated in Pittsburgh, Pennsylvania, and (2) requiring Mantaline to indemnify PPG for any damage claims PPG might pay arising out of the contract.

In 1992, Security Life of Denver Insurance Company ("Security Life") sued PPG in the United States District Court for the District of Colorado (the "Colorado District Court"), alleging that windows PPG provided to Security Life in connection with the construction of Security Life's building were defective.  PPG, invoking the 1986 Purchase Order's indemnification

* Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

provision, sought to implead Mantaline as a third-party defendant in that action. The Colorado District Court denied PPG's motion, and in August 1993, PPG settled with Security Life.

On February 9, 1995, PPG demanded arbitration of its indemnification claim, asserting its right to do so under the 1986 Purchase Order. To prevent the arbitration from proceeding, on March 6, 1995, Mantaline filed its Complaint for Declaratory Judgment and Injunctive Relief in the Common Pleas Court in Portage County, Ohio. PPG responded by removing the suit to the United States District Court for the Northern District of Ohio (the "Ohio District Court"). On April 3, 1995, PPG moved to dismiss (or, in the alternative, to stay proceedings in favor of arbitration) and moved to compel arbitration. On April 11, 1997, PPG asserted a counterclaim for indemnification. The Ohio District Court entered summary judgment for Mantaline. On appeal, the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") reversed and remanded, holding that the 1986 Purchase Order was the applicable contract and thus arbitration was required. Mantaline petitioned the United States Supreme Court for a writ of *certiorari*, which was denied in January 2001.

Before the Ohio District Court on remand, in February 2002, Mantaline moved for leave to amend its reply to PPG's counterclaim in order to plead a statute of limitations defense (the "Motion to Amend"). The Ohio District Court did not rule on the Motion to Amend but instead granted PPG's motion to transfer the action to the United States District Court for the Western District of Pennsylvania (the "Pennsylvania District Court"), the only court with jurisdiction to compel arbitration in Pittsburgh pursuant to the Federal Arbitration Act. *See* 9 U.S.C. § 4.

In ruling on Mantaline's Motion to Amend, the Pennsylvania District Court applied *National Iranian Oil Co. v. Mapco International, Inc.*, 983 F.2d 485, 491 (3d Cir.1992), which holds that arbitrators, rather than courts, have jurisdiction to consider the timeliness of a demand for arbitration, such as that which PPG made on February 9, 1995. Because it viewed Mantaline's Motion to Amend as contesting only the timeliness of PPG's February 9, 1995 arbitration demand, the Pennsylvania District Court concluded that it was without jurisdiction to consider the issue.

The Pennsylvania District Court also noted its jurisdiction under *Mapco* to determine the timeliness of a motion before a court to compel arbitration. PPG's April 3, 1995 motion to compel arbitration is such a motion. The Court did not consider the timeliness of PPG's motion to compel arbitration, however, because it did not read Mantaline's Motion to Amend as contesting the timeliness of that motion. Accordingly, on June 12, 2002, the Pennsylvania District Court entered an order dismissing Mantaline's suit and compelling arbitration. Mantaline appeals the Pennsylvania District Court's order on the basis that Mantaline's Motion to Amend intended to contest the timeliness of PPG's April 3, 1995 motion to compel arbitration and, therefore, the Pennsylvania District Court should have considered whether that motion was timely. As we find this argument unpersuasive, we affirm.

## II. Discussion

We have jurisdiction to review the Pennsylvania District Court's final order to compel arbitration under 28 U.S.C. § 1291. Whether a motion to compel arbitration is timely is a question of statutory interpretation and thus is subject to plenary review. *Cf. Moody v. Sec. Pac. Bus. Credit, Inc.*, 971 F.2d 1056, 1063 (3d Cir.1992).

Mantaline failed to assert its statute-of-limitations defense in the Pennsylvania District Court with respect to PPG's April 3, 1995 motion to compel arbitration. Mantaline's Motion to Amend refers only to PPG's February 9, 1995 demand for arbitration of its indemnity claim, not its April 3, 1995 motion to compel arbitration. *See* Mot. for Leave to Amend Mantaline's Answer to PPG's Countercl. and Mot. for Summ. J., App. 315 ("Plaintiff Mantaline Corporation ... assert[s] the affirmative defense that the statute of limitations ran on PPG's arbitration claim and indemnity demand from Mantaline."); *id.* at 318 ("Mantaline has moved this Court for leave to amend its answer to PPG's 199[7] counterclaim to assert the affirmative defense that the statute of limitations has run on PPG's claim for indemnity.").

◼ Moreover, because Mantaline asserted its statute of limitations defense in a motion to amend its answer to PPG's April 11, 1997 counterclaim for indemnification, any answer to this counterclaim could, as a procedural matter, have related only to the timeliness of that April 11, 1997 counterclaim for indemnification, not PPG's separate April 3, 1995 motion to compel arbitration (or PPG's February 9, 1995 demand for arbitration, for that matter). Having failed to contest the timeliness of PPG's motion to compel arbitration below, Mantaline has waived that argument here.[1] *Cf. Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1167 (3d Cir.1986) ("A statute of limitations time bar ... constitutes an affirmative defense that is waived if the defendant fails to raise it in the answer."); *Saunders v. George Washington Univ.*, 768 F.Supp. 854, 868 (D.D.C.1991) (failure to argue spe-

cific statute of limitations, even though others were argued, constituted a waiver).

Even were we to read Mantaline's Motion to Amend as preserving its statute of limitations defense with respect to PPG's April 3, 1995 motion to compel arbitration, that defense would nonetheless fail because PPG moved to compel arbitration within the relevant statutory period. A motion to compel contractually agreed-upon arbitration is akin to a breach-of-contract action. *Mapco*, 983 F.2d at 493. Thus, in determining the appropriate statute of limitations for a motion to compel arbitration, courts borrow the relevant state's general statute of limitations for breach-of-contract actions. *Id.; Avant Petroleum, Inc. v. Pecten Arabian Ltd.*, 696 F.Supp. 42, 45 (S.D.N.Y.1988). Pennsylvania imposes a four-year statute of limitations on the commencement of such actions. 42 PA. CONS.STAT. ANN. § 5525. In the case of an agreement to arbitrate, we have held that the statute of limitations does not begin to run until a demand for arbitration is refused. *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995) ("[A]n action to compel arbitration under the Federal Arbitration Act accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute."); *see also Conticommodity Servs. Inc. v. Philipp & Lion*, 613 F.2d 1222, 1225 (2d Cir.1980).

◼ PPG filed its demand for arbitration with the American Arbitration Association on February 9, 1995. On March 6,

---

1. Mantaline asserted, in a motion filed after the Pennsylvania District Court entered final judgment, that its amended answer intended to contest the timeliness of PPG's April 3, 1995 motion to compel arbitration. For the

same reasons discussed above, however, it is clear that Mantaline's Motion to Amend only addressed—and could only properly have addressed—the timeliness of PPG's April 11, 1997 counterclaim for indemnity.

1995, Mantaline "unambiguously manifest[ed] an intention not to arbitrate," *Faragalli*, 61 F.3d at 1066, by seeking an injunction to preclude arbitration. PPG's cause of action thus accrued on March 6, 1995. Hence, when PPG filed its motion to compel arbitration on April 3, 1995, it was well within the applicable four-year statute of limitations.

We are also concerned that Mantaline waited an inordinately long time before moving to amend its answer to PPG's counterclaim. Federal Rule of Civil Procedure 15(a) instructs that a district court should give leave to amend "freely ... when justice so requires." However, failing to move to amend until after the case had proceeded from the Ohio District Court, to the Court of Appeals for the Sixth Circuit, back to the Ohio District Court, and then to the Pennsylvania District Court, is unjustified. Mantaline contends that it was not clear until January 2001, when the Supreme Court denied its *certiorari* petition, whether Pennsylvania or Ohio law would apply. Even assuming *arguendo* that the applicable law was unclear, it was reasonably foreseeable to Mantaline that Pennsylvania law might apply. Thus Mantaline needed to assert all potentially relevant defenses in a timely manner.

\*    \*    \*    \*    \*    \*

For the foregoing reasons, we affirm the District Court's ruling.