**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1902
_____

VICTOR B. PERKINS,
                                        Appellant

v.

PROCTER & GAMBLE COMPANY;
ASTRAZENECA MANUFACTURING CO.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:19-cv-00491)
District Judge: Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2022
Before:  RESTREPO, PHIPPS and COWEN[*], Circuit Judges

(Opinion filed: April 15, 2022)
_____

OPINION[*]
_____

---

[*] The Honorable Robert E. Cowen assumed inactive status on April 1, 2022 after the argument and conference in this case, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Victor Perkins is an involuntarily committed civil detainee at the

Federal Medical Center in Rochester, Minnesota. In 2019, Perkins filed a complaint

against Procter & Gamble and AstraZeneca. Perkins alleged that in 2015 he suffered two

massive heart attacks, each traceable to his use of the proton pump inhibitor Prilosec.[†]

Screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the District Court sua

sponte dismissed with prejudice Perkins's apparent claim under the Consumer Product

Safety Act, 15 U.S.C. § 2072. The District Court dismissed, with leave to amend,

Perkins's apparent claims under 42 U.S.C. § 1983 and Delaware products liability law.

Concerning the latter claim, the District Court observed that it was facially untimely in

light of the applicable two-year statute of limitations under Delaware law.

In his subsequently filed combined amended complaint and motion for summary

judgment, Perkins raised only his products liability claim, alleging little more than the

---

[†] For Perkins, Prilosec and heart attacks are recurring litigation topics. For example, Perkins twice sued his Prilosec-prescribing physician for medical malpractice. See Perkins v. Stanton, DC Civ. No. 18-cv-02465, 2019 WL 3545890 (D. Minn. Aug. 5, 2019); Perkins v. Stanton, DC Civ. No. 16-cv-01070, 2017 WL 780573 (D. Minn. Feb. 28, 2017) ("Stanton I"). Perkins also filed a habeas action claiming that forced use of psychotropic medication caused his heart attacks. See Perkins v. Trump, DC Civ. No. 21-cv-01219, 2021 WL 3701852 (D. Minn. Aug. 20, 2021). He also sued the Food and Drug Administration, claiming that it failed to protect him and others from the alleged dangers of Prilosec and another drug. See Perkins v. FDA, DC Civ. No. 19-cv-00822, 2019 WL 6173413 (D. Md. Nov. 20, 2019), aff'd, 827 F. App'x 325 (4th Cir. 2020) (per curiam). In addition, Perkins facilitated a suit on behalf of his stepfather, whose death he attributes to the use of Prilosec. (That matter is currently pending in this Court, see Perkins v. Procter & Gamble Pharm. Co., C.A. No. 21-2138 (3d Cir.)).

facts of his heart attacks and use of Prilosec, and that the defendants knew before distributing Prilosec of its capacity to cause certain injuries. Perkins sought five million dollars in compensatory damages.

The District Court entered an order dismissing Perkins's amended complaint with prejudice and dismissing his summary judgment motion as moot. Conducting an analysis under § 1915(e)(2)(B)(ii), the District Court again determined that Perkins's products liability claim is facially untimely under Delaware's two-year statute of limitations. The District Court also determined that the claim was, in any event, deficiently pleaded, regardless of whether it was governed by Delaware or Minnesota law.

Perkins appealed, and we have jurisdiction under 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[‡]

Ultimately, we discern no error in the proceedings below. With particular regard to the District Court's timeliness determination, we add the following analysis.

---

[‡] In addition to determining that dismissal was proper under § 1915(e)(2)(B)(ii) because Perkins failed to state a claim on which relief may be granted, the District Court also determined that Perkins's amended complaint was "frivolous" under § 1915(e)(2)(B)(i). Because our analysis under § 1915(e)(2)(B)(ii) is dispositive of this appeal, we need not, and do not, assess the correctness of the District Court's § 1915(e)(2)(B)(i) determination. Cf. Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

Ordinarily, the statute of limitations is an affirmative defense that must be pleaded and that is subject to waiver. See Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008). However, when application of a time-bar and the absence of any meritorious tolling issues are obvious from the face of a complaint, a district court may properly dismiss the complaint under § 1915(e)(2)(B)(ii). See Jones v. Bock, 549 U.S. 199, 215 (2007); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009); cf. Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (recognizing that a "limitations defense may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations'") (citation omitted).

Upon initial screening in this matter, the District Court compared the year that the alleged injuries were sustained (2015) with the year that Perkins filed this action (2019) and concluded that Perkins's products liability claim is time-barred under Del. Code Ann. tit. 10, § 8119 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained."). The District Court was right to apply the Delaware statute of limitations.

The District Court's subject matter jurisdiction over an amended complaint advancing only a state-law products liability claim was grounded, if anywhere, in the

4

diversity-jurisdiction statute. See 28 U.S.C. § 1332(a).§ "A federal court, sitting in diversity, follows the forum's choice of law rules to determine the applicable statute of limitations." Ross v. Johns-Manville Corp., 766 F.2d 823, 826 (3d Cir. 1985). Perkins filed suit in the District of Delaware, so the statute of limitations is set through reference to Delaware law. Cf. Stephens v. Clash, 796 F.3d 281, 289 (3d Cir. 2015).

We need not engage in a fact-intensive analysis under Delaware law to determine whether Delaware or Minnesota bears the "most significant relationship" to this case. Cf. Travelers Indem. Co. v. Lake, 594 A.2d 38, 47 (Del. 1991). Even assuming Perkins's claim arose in Minnesota, Delaware's borrowing statute would pave the way toward application of Delaware's statute of limitations.

The borrowing statute provides, in pertinent part: "Where a cause of action arises outside of [Delaware], an action cannot be brought in a court of [Delaware] to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of [Delaware], or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action." Del. Code Ann. tit. 10, § 8121; see also Nat'l Iranian Oil Co. v. Mapco Int'l, Inc., 983 F.2d 485, 494 (3d Cir. 1992) (noting that "the traditional rule that statutes of limitations are governed by forum

_____

§ Perkins argues on appeal, see Br. 5, that the District Court should have applied 15 U.S.C. § 1501 (concerning, inter alia, establishment of the U.S. Department of Commerce). Even assuming that Perkins intended to reference the Lanham Act, 15 U.S.C. § 1051 et seq., the argument is baseless.

law has been modified by [Delaware's borrowing] statute").[**] Accordingly, Delaware's statute of limitations being shorter than any potentially applicable statute of limitations under Minnesota law, compare Del. Code Ann. tit. 10, § 8119 with Minn. Stat. § 541.05; Karjala v. Johns-Manville Prod. Corp., 523 F.2d 155, 160 (8th Cir. 1975), the former would prevail.

Perkins thus had two years after his claim accrued to file suit. See Brown v. E.I. duPont de Nemours & Co., 820 A.2d 362, 365-66 (Del. 2003) (applying § 8119 to a products liability claim).[††] He failed to do so and the District Court properly concluded as much.

On a final note, we observe that the District Court did not shut the door on Perkins's products liability claim without notice of the statute-of-limitations issue. It identified that defect for Perkins on initial screening and then gave him a chance to

---

[**] Delaware's borrowing statute is designed to curb forum shopping. See Saudi Basic Indus. Corp. v. Mobil Yanbu Oetrochemical Co., Inc., 866 A.2d 1, 16–17 (Del. 2005) ("Borrowing statutes such as Section 8121 are typically designed to address a specific kind of forum shopping scenario—cases where a plaintiff brings a claim in a Delaware court that (i) arises under the law of a jurisdiction other than Delaware and (ii) is barred by that jurisdiction's statute of limitations but would not be time-barred in Delaware, which has a longer statute of limitations. Under that 'standard scenario,' the borrowing statute operates to prevent the plaintiff from circumventing the shorter limitations period mandated by the jurisdiction where the cause of action arose."). While there is no indication in this case that Perkins sought a tactical advantage by filing suit in the District of Delaware, the plain language of the borrowing statute applies just the same.

[††] Products liability claims under Delaware law may proceed under a negligence theory of liability; strict liability is not available. See LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1072 (3d Cir. 1996).

6

amend the products liability claim. With his amended complaint, it was perhaps possible

(albeit unlikely) that Perkins could have offered allegations that would cut against

dismissal (e.g., allegations suggesting a different claim-accrual date or a basis for tolling).

He did not attempt to do so, however.[‡‡]

For those reasons, the District Court's dismissal of Perkins's products liability

claim was proper, and we will affirm the judgment in this case.

---

[‡‡] Now on appeal, Perkins argues that he is entitled to tolling because of an unspecified "disability." Br. 3-4. That argument, conclusory as it is, does not undermine the District Court's judgment. Furthermore, Perkins's litigation history, see Footnote 1, supra, of which we have taken judicial notice, demonstrates that Perkins connected his heart attacks and his use of Prilosec as early as *May 16, 2016*, when he filed the complaint in Stanton I.