CLD-058                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2851
_____

DONALD D. HIGGS,
Appellant

v.

GARY LANIGAN;
JOHN DOE(S), employees of JPay;
JPAY COMPANY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-18-cv-08087)
District Judge: Honorable Renee Marie Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 18, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: February 13, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Donald D. Higgs, proceeding pro se, appeals the District Court's dismissal of his civil rights action for failure to prosecute. For the reasons that follow, we will summarily affirm the District Court's dismissal.

I

In 2018, Higgs filed a federal civil rights complaint under 42 U.S.C. § 1983 while incarcerated at Bayside State Prison ("Bayside"). DC ECF 1. He alleged that the named defendants had unlawfully retaliated against him for exercising his First Amendment rights. Id. In November 2018, the Court issued a screening order pursuant to 28 U.S.C. § 1915(a) in which, inter alia, it dismissed without prejudice all claims save those against defendant Smith and granted Higgs in forma pauperis status. DC ECFs 2, 3. Simultaneously, the Clerk of the District Court sent Higgs a letter explaining how to obtain service of process by the U.S. Marshals Service (USMS) and explaining that the burden of ensuring service occurred rested with Higgs. DC ECF 4. The Clerk received Higgs' completed USM 285 form in December, but erroneously issued summonses only to those defendants who had already been dismissed from the action. DC ECF 5, 6.

Two subsequent orders sent by the Court to Higgs in January and February 2019 were returned because Higgs was no longer incarcerated at Bayside, and no forwarding address was on file. DC ECFs 8-10. Unknown to the Court, Higgs had been transferred to Northern State Prison. DC ECF 20. Because the order reopening the case was returned and the Court had not heard from Higgs, in February 2019 the District Court dismissed Higgs' complaint without prejudice under Local Civil Rule 10.1(a), which requires

2

parties to keep the Court appraised of any changes in address. DC ECFs 10, 11. The copy of this Order sent to Higgs was also returned as undeliverable. DC ECF 13.

More than four years after the order dismissing Higgs' claim, Higgs filed a motion to reopen. DC ECF 16. The Court granted the motion but ordered Higgs to show cause as to why the complaint should not be dismissed for failure to prosecute under FRCP 41(b). DC ECF 17. In response, Higgs claimed that he had notified the Court via a letter that he had been transferred to Northern State Prison and argued that the case should remain open and defendant Smith should be served to correct the Court's clerical error regarding service. DC ECF 18. After carefully considering the factors set forth in Poulis v. State Farm Fire & Cas. Co., the District Court determined that five of six supported dismissal of Higgs' action for failure to prosecute. DC ECF 20, citing 747 F.2d 863, 868 (3d Cir. 1984).

In particular, the Court emphasized that Higgs had been responsible for the progress of his case. DC ECF 20 at 6, citing Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). The Court reasoned that while a clerical error had initially impeded service of process, Higgs' failure to inquire about the status of his case for over four years, or twice the length of the statute of limitations for his claim, created substantial prejudice to the remaining defendant, who was never notified of the suit. Id. at 6-8, citing Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). The Court also noted that Higgs *had* reached out and resumed prosecution of another pending matter, Higgs v. Myers, in June 2019, but failed to resume or inquire about the instant action. Id. at 8. The Court considered other sanctions to be ineffective and issued the order in question dismissing

3

the case. Id. The only Poulis factor which arguably cut against dismissal was the merit of Higgs' remaining claims, which had survived screening under 28 U.S.C. § 1915A. Id. at 8-9. Based on this analysis, the District Court dismissed Higgs' case with prejudice for failure to prosecute. Id. This appeal followed.

II

We have jurisdiction under 28 U.S.C. § 1291 and review a District Court's decision to dismiss a plaintiff's case under Federal Rule of Civil Procedure 41(b) for an abuse of discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In exercising its discretion to dismiss for failure to prosecute, a district court must first consider a variety of factors, including "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

## III

On appeal, Higgs again argues that he properly completed USM 285 to effectuate service, and that he complied with the District Court's change of address rules by sending a letter notifying the Clerk of his impending transfer to Northern State Prison. CA ECF 8. Notwithstanding Higgs' efforts, we cannot say that the District Court abused its discretion in dismissing the case.

The letter the Clerk sent to Higgs along with the USM 285 forms plainly states that the litigant must inquire of the USMS as to whether service has been made. DC ECF 4. And following any attempt to advise the District Court of his change of address, Higgs failed to inquire about this litigation for over four years, or twice the length of the statute of limitations for his action against a defendant who was never served and was thus unaware of the need to mount a defense. DC ECF 20 at 7. "[S]tatutes of limitations serve compelling policy interests," including "… protect[ing] defendants from having to confront controversies in which the search for truth may be thwarted by the loss of evidence, the fading of memories, or the disappearance of witnesses," and to relieve courts of the burden of stale claims. National Iranian Oil Co. v. Mapco Intern., 983 F.2d 485, 493 (3d Cir. 1992) (citations omitted). As the District Court observed, Higgs' inactions frustrated these interests.

Accordingly, we will affirm the judgment of the District Court.