**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2311**

ANTIETAM BATTLEFIELD KOA; SSG JASON ANDERSON, U.S.A. (ret.);
LCPL CHRISTOPHER REPOGLE, U.S.M.C. (former); REV. CHRISTOPHER
OGNE, pastor of Lutheran Church of Our Savior; REV. JAMES WICKHAM; REV.
FREDRICK CAUDLE; REV. PAUL GOODWIN; REV. JOHN SEAY; REV.
GARY COX; REV. STEVEN DIXON; REV. JOHNNY HUDSON; DAVID
SERENDA; DELEGATE WARREN MILLER; DELEGATE DAN COX;
DELEGATE NEIL PARROTT; REOPEN MARYLAND, LLC,

     Plaintiffs - Appellants,

  and

ADVENTURE PARK USA, LLC; REV. GARY POMRENKE,

     Plaintiffs,

   v.

LAWRENCE HOGAN, in his official capacity as Governor of the State of Maryland;
DENNIS R. SHRADER, in his official capacity as Acting Secretary of Maryland
Health Department; JINLENE CHAN, in her official capacity as Acting Deputy
Secretary for Public Health Services; WOODROW W. JONES, III, in his official
capacity as Maryland State Police Superintendent,

     Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Catherine C. Blake, Senior District Judge. (1:20-cv-01130-CCB)

Submitted: January 31, 2022       Decided: May 9, 2022

Before DIAZ and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Daniel L. Cox, THE COX LAW CENTER, LLC, Emmitsburg, Maryland; John R. Garza, GARZA LAW FIRM, P.A., Rockville, Maryland, for Appellants. Brian E. Frosh, Attorney General, Adam D. Snyder, Assistant Attorney General, Kathleen A. Ellis, Assistant Attorney General, Justin E. Fine, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antietam Battlefield KOA and fifteen others appeal from the district court's order denying their motion for a temporary restraining order and preliminary injunction and the court's order dismissing their amended complaint challenging executive orders and emergency proclamations issued by Lawrence J. Hogan, Governor of the State of Maryland, in response to COVID-19. As explained below, we dismiss the appeal in part and affirm in part.

To control and prevent the spread of COVID-19, Governor Hogan issued a proclamation declaring a state of emergency and the existence of a catastrophic health emergency in Maryland on March 5, 2020. Governor Hogan renewed this proclamation on March 17 and April 10, 2020. The proclamation of emergency authorized the Governor to issue orders to control and terminate the emergency, Md. Code Ann., Pub. Safety § 14-303(b), and, to this end, Governor Hogan issued various executive orders. The Governor's March 30, 2020, executive order directed persons living in Maryland to stay in their homes or residences with certain exceptions; prohibited "[s]ocial, community, spiritual, religious, recreational, leisure, and sporting gatherings and events" of more than ten people; ordered that non-essential businesses, organizations, establishments, and facilities remain closed to the general public with certain exceptions; and ordered that various other organizations and facilities close or remain closed to the general public. Prior to issuing the March 30 executive order, Governor Hogan had issued executive orders on March 12, March 16, March 19, and March 23, 2020. These orders limited the attendance of people at gatherings, events, and facilities; closed senior citizen activities centers; and

3

closed various other establishments to the general public. Governor Hogan's April 15, 2020, executive order required certain persons to use face coverings in retail and foodservice establishments and while on public transportation and required retail establishments to implement physical distancing and sanitizing measures. All the executive orders provided they would remain in effect until after termination of the state of emergency and the rescission of the proclamation of the catastrophic health emergency or until rescinded, superseded, amended, or revised by additional orders and that a person who knowingly and willfully violated them was guilty of a misdemeanor and subject on conviction to imprisonment for a term not exceeding one year or a fine not exceeding $5000 or both.

In May 2020, when the April 10 renewal proclamation and the March 30 and April 15 executive orders were in effect, Plaintiffs—two former members of the military, three members of the Maryland House of Delegates, nine religious pastors and a church officer, two limited liability corporations, and business Antietam Battlefield KOA—filed a civil action under 42 U.S.C. § 1983 and the Maryland Constitution against Governor Hogan, the Maryland Secretary of Health, the Maryland Deputy Secretary for Public Health Services, and the Maryland Secretary of State Police in their official capacities. The complaint generally referred to the Governor's executive orders and emergency proclamations in collective senses[1] and claimed they violated the right to free exercise of religion protected

_____

[1] Other than referring to the alleged effects of the March 30 executive order on Antietam Battlefield KOA and noting the existence of the March 5 proclamation, the complaint did not distinguish among the Governor's executive orders and proclamations.

by the First Amendment and Article 36 of the Maryland Declaration of Rights; the rights to peaceably assemble and to freedom of speech protected by the First Amendment; the Establishment Clause of the First Amendment; the Equal Protection Clause of the Fourteenth Amendment; the guarantee of a republican form of government protected by Article IV, Section 4 of the Constitution and Article 2 of the Maryland Declaration of Rights; the rights to freedom of speech, assembly, due process, rule of law, separation of powers, to not be subject to martial law, to have laws suspended only by the Maryland General Assembly, and rights under English common law protected by Articles 5, 8, 9, 10, 13, 24, 32, 40, and 44 of the Maryland Declaration of Rights; the Taking Clause of the Fifth Amendment; and the Commerce Clause in Article I, Section 8 of the Constitution. Plaintiffs sought as relief, among other matters, the issuance of temporary, preliminary, and permanent injunctive relief against enforcement of the Governor's orders and a declaratory judgment that the orders were unconstitutional. Plaintiffs also moved under Fed. R. Civ. P. 65 for the issuance of a temporary restraining order as requested in the complaint and a preliminary injunction.

On May 20, 2020, the district court denied Plaintiffs' motion for a temporary restraining order and preliminary injunction. *Antietam Battlefield KOA v. Hogan*, 461 F. Supp. 3d 214, 242 (D. Md. 2020). Treating the motion as one for a preliminary injunction, the district court: noted that Plaintiffs did not discuss the merits of their Establishment Clause, Takings Clause, Guarantee Clause, and Equal Protection Clause claims and several of their Maryland Declaration of Rights claims in their briefing and declined to address those claims; determined that Plaintiffs' argument regarding their free

5

exercise claims had not been rendered moot by the issuance on May 13, 2020, of a new executive order that, among other matters, removed "spiritual" and "religious" gatherings from the prohibition on gatherings and events of more than ten people and allowed religious facilities to open to the general public at 50 percent of the facility's maximum occupancy; determined that the Supreme Court's decision in *Jacobson v. Massachusetts* provided the proper scope for review of Plaintiffs' constitutional claims and that, as a result, they would have to demonstrate they were likely to succeed in showing that Governor Hogan's orders had either no "real or substantial relation" to protecting public health or that they were "beyond all question, a plain, palpable invasion of rights secured by the fundamental law," 197 U.S. 11, 31 (1905); determined that the Governor's orders had a real or substantial relation to the public health crisis resulting from the spread of COVID-19; determined that Plaintiffs had not shown a likelihood of success on the merits of their free exercise claims because the prohibition on large gatherings was neutral, generally applicable, and rationally related to the legitimate government interest in reducing the spread of COVID-19, and Plaintiffs had not demonstrated the restriction would fail under strict scrutiny; determined that Plaintiffs had not shown a likelihood of success on their claims that the prohibition against large gatherings and the face covering requirement violated speech and assembly rights protected by the First Amendment and Article 40 of the Maryland Declaration of Rights because these measures did not regulate speech based on its content and were narrowly-tailored, did not express any message, and Plaintiffs had not demonstrated the measures would fail under strict scrutiny; determined that Plaintiffs had not shown a likelihood of success on their claim under the Commerce

6

Clause because the directive that certain businesses close did not discriminate against interstate commerce and survived rational basis review; determined that Plaintiffs had not shown a likelihood of success on their claim under Article 8 of the Maryland Declaration of Rights because Governor Hogan had not silenced Plaintiff Delegate Cox; determined that Plaintiffs had not shown a likelihood of success on their claim under Article 44 of the Maryland Declaration of Rights because they had not demonstrated Defendants violated their clearly defined rights; determined that, because Plaintiffs had not shown the harm they faced resulted from constitutional violations, this factor weighed against granting their motion; determined that the balance of equities and the public interest also did not weigh in favor of granting Plaintiffs' motion; and determined that Plaintiffs had not shown that the orders were "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *Antietam Battlefield KOA*, 461 F. Supp. 3d at 227-42.

Plaintiffs appealed, and appeal No. 20-1579 was opened in this court. While that appeal was pending, Plaintiffs other than Reverend Gary Pomrenke filed an amended complaint in the district court presenting the same allegations and claims raised in the initial complaint against Defendants. Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint. The parties stipulated in the district court to the dismissal without prejudice of Plaintiff Adventure Park USA, LLC under Fed. R. Civ. P. 41(a)(1), and a panel of this court later granted the Fed. R. App. P. 42(b) motion for voluntary dismissal Plaintiffs filed in appeal No. 20-1579. *Antietam Battlefield KOA v. Hogan*, No. 20-1579 (4th Cir. Jul. 6, 2020) (unpublished order).

7

On November 18, 2020, the district court granted Defendants' Rule 12(b)(6) motion and dismissed the amended complaint. In this order, the court: incorporated the May 20 order; applied *Jacobson* to determine whether Plaintiffs' constitutional claims survived the motion to dismiss; relied on the March 30 executive order because the amended complaint failed to specify which of the Governor's orders were being challenged; determined that Plaintiffs had failed to plausibly allege plain and palpable violations of the Commerce and Establishment Clauses and of their rights to free speech, assembly, free exercise, and equal protection; determined their Article IV and takings claims also failed; and determined that their claims under the Maryland Constitution were barred by the Eleventh Amendment.

Appellants timely appealed the May 20 and November 18 orders, and the subject appeal was opened.[2] Invoking *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) (per curiam) (granting application for injunctive relief and enjoining Governor of New York from enforcing COVID-19-related executive order's occupancy limits on attendance at religious services after reviewing limits under strict scrutiny), Appellants moved for an immediate injunction or, alternatively, an immediate remand to the district court. We denied their motion without prejudice to their right to refile it after first moving for an injunction pending appeal with the district court on January 20, 2021, and the parties

---

[2] We conclude after review of the record in light of *Affinity Living Grp., LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 639 (4th Cir. 2020), and *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610-12, 614-15 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021), that we have jurisdiction to review this appeal following the dismissal without prejudice of Adventure Park USA, LLC.

completed their briefing on March 4, 2021. Appellants argue on appeal for reversal of the district court's orders and a remand for further proceedings.

Following the completion of briefing, Governor Hogan issued additional proclamations and executive orders, easing COVID-19 restrictions as Maryland continued to navigate through the pandemic. On March 9, 2021, the Governor issued an executive order amending prior orders, providing that the then-in-effect 50 percent occupancy limit for religious and several other types of establishments would remain in effect until March 12, 2021, and providing this limit would cease to be effective as of 5:00 PM on that date. The March 9 order also required the wearing of face coverings in certain circumstances. The Governor's April 21, 2021, executive order amended prior orders and reduced the 50 percent occupancy limit. His April 28, 2021, executive order amended prior orders and omitted the requirement to wear face coverings at outdoor locations. His May 12, 2021, executive order amended prior orders and omitted occupancy limits altogether. His May 14, 2021, executive order amended prior orders and reduced the face covering requirement again. His June 15, 2021, executive order rescinded the May 14 order and rendered that order of no further effect as of July 1, 2021. The last of Governor Hogan's proclamations renewing the state of emergency and catastrophic health emergency issued on August 11, 2021. The August 11 proclamation renewed these states until 11:59 PM on August 15, 2021.

On January 4, 2022, in response to the Omicron variant of COVID-19, Governor Hogan proclaimed a new state of emergency and a catastrophic health emergency. That day, the Governor issued executive orders allowing the augmenting of the emergency

medical services workforce and regulating healthcare personnel, care space, and supplies. On February 3, 2022, Governor Hogan terminated the state of emergency and rescinded the January 4 proclamation as of 11:59 PM that day.

The first issue before us is whether these developments moot any portion of this appeal. "The mootness doctrine is rooted in the case-or-controversy limitation on federal judicial power contained in Article III, Section 2 of the Constitution." *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162 (4th Cir. 2021) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)). The jurisdiction of the federal courts extends only to actual cases or controversies. *See Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017). "When a case or controversy ceases to exist— either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Id.* (internal quotation marks omitted). "Put differently, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted); *see Lighthouse Fellowship Church*, 20 F.4th at 162 (noting that a case may become moot after entry of district court's judgment and while appeal is pending).

We conclude that Appellants' religious exercise claims are moot. The proclamations and executive orders they challenged as violative of the First Amendment and the Maryland Declaration of Rights are no longer in effect, having expired on their own terms and with the termination of the state of emergency. Further, given the absence here of any reasonable expectation that Appellants will be subject to future restrictions on religious practice like those present in the orders they challenged, we discern that no

10

exception to mootness is applicable. *See Am. Fed. of Gov't Emps. v. Off. of Special Couns.*, 1 F.4th 180, 187-88 (4th Cir. 2021) (rejecting argument that case challenging withdrawn advisory opinion was not moot because it was not reasonable to expect complaining party would be subject to same action again given that opinion had been withdrawn in response to changed circumstances); *Lighthouse Fellowship Church*, 20 F.4th at 163-64 (reasoning that decision in *Roman Catholic Diocese of Brooklyn* rendered it "speculative to assert" that the Virginia Governor would "reinstate [COVID-19-based] restrictions on religious exercise" that had already expired and that mootness finding was consistent with *Am. Fed.* because easing of restrictions occurred as Virginia navigated through the pandemic).  In the absence of a live controversy between the parties regarding Appellants' religious exercise claims, we dismiss the appeal as to these claims as moot.

As to the remainder of the Appellants' claims, we review the district court's denial of a preliminary injunction for an abuse of discretion, reviewing factual findings for clear error and legal conclusions de novo. *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (en banc).  We review a district court's dismissal under Rule 12(b)(6) for failure to state a claim de novo, viewing the facts in the light most favorable to the plaintiff. *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021).  Having reviewed the remainder of the district court's denial and dismissal orders, we conclude that the court did not reversibly err in those rulings.  We therefore affirm these rulings for the reasons the district court stated. *Antietam Battlefield KOA v. Hogan*, No. 1:20-cv-01130-CCB (D. Md. May 20 & Nov. 18, 2020).

11

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*;
*AFFIRMED IN PART*