**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1102

AJE ENTERPRISE LLC, d/b/a Whisper Night Club and Lounge; ADAM EREDITARIO; BITS LLC, d/b/a Fat Daddy's; BRIANA WEISEN; DRD2 LLC, d/b/a Almost Heaven Bar & Grill; DANIELLE DUFALLA; BABY SQUIRRELS, LLC, d/b/a Baby Squirrels Saloon; TRAVIS TRACY; B.F. UGLY'S, d/b/a Big Times; ALIAS ENTERPRISES, LLC, d/b/a Code; ZACH TRAUGH; CARIBBA FOODS, LLC, d/b/a Crab Shack Caribba and Dockside Grille; BRON KAYAL; CECELIA'S, d/b/a Joe Mama's; JOE BLODGETT; EXTENSIVE ENTERPRISES; KENNETH DUFALLA; MOUNTAIN MAMAS HOT SPOT LLC; MOUNTAIN MAMAS TAVERN LLC; MEGAN SAMPLES; JACOB SAMPLES; SAR TECH LLC; SHC LLC; STEVE REESE; JL3 LLC, d/b/a The Annex; CHRIS HARE; RAY G 4TH AND GOAL, d/b/a 4th & Goal; RAY G. SCORERS, d/b/a Scorers; RAY GLYMPH; NUT CLUB LLC, d/b/a Blaze; MAXWELL CUMMONS,

Plaintiffs – Appellants,

v.

JAMES JUSTICE, in his capacity as Governor of West Virginia; FREDERIC L. WOOTEN, in his capacity as the West Virginia Alcohol Beverage Control Administration Commissioner; THE CITY OF MORGANTOWN; A. KIM HAWS, in his capacity as the City Manager of Morgantown,

Defendants – Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. John Preston Bailey, District Judge. (1:20-cv-00229-JPB)

Argued: March 9, 2022                                   Decided: June 2, 2022

Before HARRIS and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded with instructions by unpublished opinion. Judge Harris wrote the opinion, in which Judge Rushing and Senior Judge Floyd joined.

———————————

**ARGUED:** Martin Patrick Sheehan, SHEEHAN & ASSOCIATES, PLLC, Wheeling, West Virginia, for Appellants. Benjamin James Hogan, BAILEY & GLASSER, LLP, Morgantown, West Virginia; Ryan Patrick Simonton, KAY CASTO & CHANEY PLLC, Morgantown, West Virginia, for Appellees. **ON BRIEF:** Benjamin L. Bailey, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellees James Justice and Frederic Wooten. John R. Hoblitzell, KAY CASTO & CHANEY PLLC, Charleston, West Virginia, for Appellees City of Morgantown and A. Kim Haws.

———————————

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

The plaintiffs in this case – a group of businesses operating restaurants and bars in Monongalia County, West Virginia – challenged, on multiple grounds, certain public-safety measures imposed by the Governor of West Virginia and the City of Morgantown in response to the COVID-19 pandemic. The district court denied their motion for a preliminary injunction, *see AJE Enter. LLC v. Justice*, No. 1:20-CV-229, 2020 WL 6940381 (N.D. W. Va. Oct. 27, 2020), then dismissed their action for failure to state a claim, *see AJE Enter. LLC v. Justice*, No. 1:20-CV-229, 2021 WL 4241018 (N.D. W. Va. Jan. 6, 2021). The plaintiffs appealed, expressly abandoning all but one of their claims: what they style as a federal due process claim against the Governor in his official capacity, predicated on his alleged violation of separation-of-powers principles under the West Virginia state constitution.

After the district court issued its ruling and more than a year ago, the Governor terminated every COVID-19 restriction that applied to the plaintiffs. As we have just held in another case challenging these same restrictions, the result is that this case has become moot on appeal. *See Eden, LLC v. Justice*, No. 21-1079, Slip Op. at 6–13 (4th Cir. June 2, 2022). The plaintiffs already have received the relief they sought to secure on appeal – the termination of the Governor's orders, allegedly issued in violation of West Virginia's separation-of-powers principles – so there is no live controversy for us to decide. *See id.*

3

at 6–8.* Nor, as we also explained in *Eden*, can the voluntary cessation doctrine save this case, because it is "absolutely clear" that there is no "reasonable chance" that the Governor will reimpose the challenged orders. *Id.* at 9–12 (quoting *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162 (4th Cir. 2021)).

In accord with our customary practice when intervening events render a case moot on appeal, we vacate and remand with instructions for the district court to dismiss the case as moot. *See id.* at 12–13; *Lighthouse Fellowship Church*, 20 F.4th at 166.

*VACATED AND REMANDED*
*WITH INSTRUCTIONS*

---

* In their amended complaint, naming both state and city officials as defendants, the plaintiffs requested not only prospective equitable relief but also compensatory damages. A claim for compensatory damages – as opposed to the purely prospective equitable relief we addressed in *Eden* – does not become moot when the challenged conduct ceases. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 608–09 & n.10 (2001). But we understand the plaintiffs to have abandoned any request for damages at this point, given that they pursue on appeal only their claim against the Governor, who as a state official sued under § 1983 in his official capacity is immune from damages liability under the Eleventh Amendment. *See Fauconier v. Clarke*, 966 F.3d 265, 279–80 (4th Cir. 2020); *see also* J.A. 217 (amended complaint seeking compensatory damages "subject to the limitations of the Eleventh Amendment").

4